## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20305-CIV-SEITZ/O'Sullivan

|  |  |
|---|---|
| CITIZENS UNITED, <br> A Virginia Corporation <br><br> Plaintiff, <br><br> v. <br><br> CITIZENS UNITED NOT TIMID, <br> A Florida Unincorporated Association, <br> ROGER J. STONE, JR., <br> An Individual, and <br> JEFFREY M. "NOODLES" JONES, <br> An Individual, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIMS**

1. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 1 of Plaintiff's Complaint and therefore deny the same.

2. Defendants admit the allegation of Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegation of Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegation of Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegation of Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegation of Paragraph 6 of Plaintiff's Complaint in so much that this appears to be an action for "service and trade mark and trade name infringement and false designation of origin under [the Lanham Act] . . . and for unfair competition, deceptive trade practices and service mark and trade name infringement under the common law of the State of Florida." However, Defendants deny that Defendants have engaged in any infringing activity, that they use any trade or service mark, that they provide political advocacy services, that they

"sell[] [T-shirts] at the website found at the URL, www.citizensunitednottimid.org," and that Plaintiff has any "established rights in the trade name, CITIZENS UNITED."

  7. Defendants admit the allegation of Paragraph 7 of Plaintiff's Complaint.

  8. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 8 of Plaintiff's Complaint and therefore deny the same.

  9. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 9 of Plaintiff's Complaint and therefore deny the same.

  10. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 10 of Plaintiff's Complaint and therefore deny the same.

  11. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 11 of Plaintiff's Complaint and therefore deny the same.

  12. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 12 of Plaintiff's Complaint and therefore deny the same.

  13. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 13 of Plaintiff's Complaint and therefore deny the same.

  14. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 14 of Plaintiff's Complaint and therefore deny the same.  Defendants specifically deny that the '094 mark has been "used . . . exclusively for five consecutive years since registration" as alleged.

  15. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 15 of Plaintiff's Complaint and therefore deny the same.

  16. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 16 of Plaintiff's Complaint and therefore deny the same.

  17. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 17 of Plaintiff's Complaint and therefore deny the same.  However, to the extent

that Plaintiff claims that it uses the terms "CITIZENS UNITED" along with other terms, such only supports the fact that consumers would not be able to readily identify the phrase "citizens united" as having any distinctiveness or secondary meaning sufficient for the same to indicate Plaintiff as the source of the particular goods and services offered under the alleged marks. This is particularly so in light of extensive third-party use of the phrase "citizens united" (much predating Plaintiff's first use date) either alone or in connection with other terms or phrases to identify groups of "citizens" who are "united" for a particular cause.

18. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 18 of Plaintiff's Complaint and therefore deny the same.

19. Defendants deny the allegations of Paragraph 19 of Plaintiff's Complaint.

20. Defendants are without sufficient knowledge or information as to the allegations of Paragraph 20 of Plaintiff's Complaint and therefore deny the same.

21. Defendants admit that they were merely aware of the existence of Plaintiff prior to their use of the phrase "Citizens United Not Timid," but deny that they were aware that Plaintiff continued to operate at the time of their use of the phrase. Defendants deny the remaining allegations of Paragraph 21 of Plaintiff's Complaint.

22. Defendants admit the allegations of Paragraph 22 of Plaintiff's Complaint.

23. Defendants admit the allegations of Paragraph 23 of Plaintiff's Complaint.

24. Defendants admit the allegations of Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit that Exhibit C to Plaintiff's Complaint appears to be a print out of the www.citizensunitednottimid.org website as it appeared at one time, but deny that the website remains in such identical form and deny the remaining allegations of Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations of Paragraph 26 of Plaintiff's Complaint. However, they admit that for a short period of time the allegations of Paragraph 26 of Plaintiff's

Complaint may have been true. In any event Defendants deny that the allegations of Paragraph 26 of Plaintiff's Complaint have any bearing on this matter.

27. Defendants should not be required to admit or deny the allegations of Paragraph 27 of Plaintiff's Complaint as the same are immaterial to the dispute at hand, and the Court should strike the same pursuant to Rule 12(f). In the event that the Court does not strike Paragraph 27 of Plaintiff's Complaint, Defendants deny the allegations thereof.

28. Defendants deny the allegations of Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations of Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations of Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations of Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations of Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations of Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations of Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations of Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations of Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations of Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations of Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations of Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations of Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations of Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations of Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations of Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations of Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations of Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations of Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations of Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations of Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations of Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations of Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations of Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations of Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations of Paragraph 53 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's alleged mark "CITIZENS UNITED" is generic and has lost its alleged incontestable status to the extent that it was ever protectable and/or acquired the alleged incontestable status.

2. Plaintiff's alleged mark "CITIZENS UNITED and Design" is generic and has lost its alleged incontestable status to the extent that it was ever protectable and/or acquired the alleged incontestable status.

3. Plaintiff's alleged mark "CITIZENS UNITED" is merely descriptive of the goods and services offered by Plaintiff, has not acquired secondary meaning or distinctiveness and is not protectable.

4. Plaintiff's alleged mark "CITIZENS UNITED and Design" is merely descriptive of the goods and services offered by Plaintiff, has not acquired secondary meaning or distinctiveness and is not protectable.

5. Plaintiff is guilty of unclean hands.

6. Plaintiff's registered marks were obtained and have been maintained fraudulently and are entitled to no protection.

7. Plaintiff's alleged trademarks are not protectable as they are merely functional.

8. Significant third party use of the mark "CITIZENS UNITED" diluted and weakened the Plaintiff's alleged trademarks

9. Plaintiff cannot establish, and lacks, proper chain of title to the alleged mark(s).

10. Plaintiff lacks standing.

11. Plaintiff sold or otherwise alienated its interest in at least one of its alleged marks.

12. Plaintiff has abandoned its rights in its alleged mark(s).

13. Plaintiff has not continuously used its alleged mark(s).

14. Plaintiff fails to state facts sufficient to state a claim upon which relief can be granted.

15. No likelihood of confusion exists as between Defendants and Plaintiff.

16. The recitation of goods and services offered in connection with the Plaintiff's registered marks, as indicated in its Federal Trademark Registrations are vague and indefinite such that Plaintiff should be entitled to no protection or very limited protection for the alleged marks.

17. Plaintiff's recitation of goods and services offered in connection with it registered marks is so vague and indefinite as to render impossible any reasonable notice as to what goods and services it actually uses the registered marks in connection with.

18. Plaintiff has not suffered any damages.

19. Defendants have not engaged in any unlawful conduct.

20. Defendants have not engaged in any tortious act.

21. Defendants have not engaged in trademark infringement.

22. Defendants have not engaged in false designation of origin.

23. Defendants have not engaged in unfair competition.

24. Any alleged activities were innocent and not undertaken in an intentional or willful manner.

25. Plaintiff's claims are barred by the doctrine of fair use.

26. Defendants have not used the complained of phrase as a trademark.

27. Defendants' complained of acts are mere parody.

28. Defendants' complained of acts are constitutionally protected free speech.

29. Plaintiff's claims are limited by the doctrine of innocent intent. Any alleged activities were innocent and not undertaken in an intentional or willful manner.

30. Based upon the equities of this case, the principles of equity do not merit an award of profits, any damages sustained by the Plaintiff, attorneys' fees, and/or costs of the action.

31. Defendants reserve the right to supplement their affirmative defenses as they become available throughout discovery.

## COUNTERCLAIMS

1. Upon information and belief, Plaintiff is the owner of Federal Trademark Registration No. 1,809,741 and Federal Trademark Registration No. 1,877,094. See Complaint at Exhibits A and B.

2. Plaintiff has alleged that its marks have become incontestable as defined by 15 U.S.C. §1065. See Complaint at ¶¶ 12 and 14.

3. Despite the use of the label "incontestable," such marks are still subject to cancellation on the grounds set forth in 15 U.S.C.§1064(3), namely:

> At any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered, or is functional, or has been abandoned, or its registration was obtained fraudulently or contrary to the provisions of section 4 [15 USC § 1054] or of subsection (a), (b), or (c) of section 2 [15 USC § 1052] for a registration under this Act, or contrary to similar prohibitory provisions of such prior Acts for a registration under such Acts, or if the registered mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services on or in connection with which the mark is used. If the registered mark becomes the generic name for less than all of the goods or services for which it is registered, a petition to cancel the registration for only those goods or services may be filed. A registered mark shall not be deemed to be the generic name of goods or services solely because such

mark is also used as a name of or to identify a unique product or service. The primary significance of the registered mark to the relevant public rather than purchaser motivation shall be the test for determining whether the registered mark has become the generic name of goods or services on or in connection with which it has been used.

4.  Neither the term "citizens" nor "united" is a coined or original word to the Plaintiffs.

5.  The terms "citizens" and "united" were commonly used and commonly understood words prior to any association with Plaintiff, and continue to be commonly used and understood words outside of any alleged association with Plaintiff.

6.  Defendants are aware of hundreds of organizations that have, before, during and after, Plaintiff used the phrase "citizens united" to describe themselves as "citizens" who are "united" for a particular purpose. (D.E. 38-2 through 38-11).

7.  Plaintiff has registered its alleged marks for use in connection with "promoting public awareness of the need for the restoration of the people of the United States as the political sovereign over civil government and dissemination of information relating thereto."  <u>See</u> Complaint Exhibit A and B.

8.  Plaintiff's recitation of goods and services offered in connection with it registered marks is so vague and indefinite as to render impossible any reasonable notice to the public as to what goods and services it actually uses the registered marks in connection with.

9.  A review of Plaintiff's www.citizensunited.org website shows that the title of the site is "Citizens United Dedicated to restoring our government to citizen control."  <u>See</u> Exhibit A.  It appears therefore that Plaintiff is merely an organization of "citizens" who are "united" for the common goal of "restoring our government to citizen control."

## COUNT I
## CANCELLATION OF REGISTRATION NO. 1,877,094
## AS THE MARK IS GENERIC

10. Defendants adopt and incorporate the allegations of Paragraphs 1 through 9 of the Counterclaims as though fully alleged herein.

11. Upon information and belief, Plaintiff owns Federal Trademark Registration No. 1,877,094 for the mark "CITIZENS UNITED" for use in connection with "promoting public awareness of the need for the restoration of the people of the United States as the political sovereign over civil government and dissemination of information relating thereto." See Complaint at Exhibit B.

12. Over the course of the past twenty to thirty years, the "CITIZENS UNITED" mark is and/or has become merely the generic name for the goods and services offered by Plaintiff.

13. The term "citizens united" merely suggests the basic nature of the type of organization and advocacy offered by the Plaintiff, namely a group of "citizens" who are "united" for a particular purpose.

14. As the alleged mark is merely the generic name or word for the goods and services offered by Plaintiff, the mark can be afforded no trademark protection.

15. Continued registration of Plaintiff's generic and unprotectable mark will prejudice Defendants and the public at large and cause the same irreparable harm.

## COUNT II
## CANCELLATION OF REGISTRATION NO. 1,809,741
## AS THE MARK IS GENERIC

16. Defendants adopt and incorporate the allegations of Paragraphs 1 through 9 of the Counterclaims as though fully alleged herein.

17. Upon information and belief, Plaintiff owns Federal Trademark Registration No. 1,809,741 for the mark "CITIZENS UNITED and Design" for use in connection with

"promoting public awareness of the need for the restoration of the people of the United States as the political sovereign over civil government and dissemination of information relating thereto." See Complaint at Exhibit A.

18. Over the course of the past twenty to thirty years, the "CITIZENS UNITED" mark is and/or has become merely the generic name for the goods and services offered by Plaintiff.

19. The term "citizens united" merely suggests the basic nature of the type of organization and advocacy offered by the Plaintiff, namely a group of "citizens" who are "united" for a particular purpose.

20. As the alleged mark is merely the generic name or word for the goods and services offered by Plaintiff, the mark can be afforded no trademark protection.

21. Continued registration of Plaintiff's generic and unprotectable mark will prejudice Defendants and the public at large and cause the same irreparable harm.

## COUNT III
## CANCELLATION OF REGISTRATION NO. 1,877,094
## AS THE MARK IS MERELY DESCRIPTIVE

22. Defendants adopt and incorporate the allegations of Paragraphs 1 through 9 of the Counterclaims as though fully alleged herein.

23. Upon information and belief, Plaintiff owns Federal Trademark Registration No. 1,877,094 for the mark "CITIZENS UNITED" for use in connection with "promoting public awareness of the need for the restoration of the people of the United States as the political sovereign over civil government and dissemination of information relating thereto." See Complaint at Exhibit B.

24. The "CITIZENS UNITED" mark is merely descriptive of the goods and services offered by Plaintiff.

25. The term "citizens united" merely suggests and describes the basic nature of the type of organization and advocacy offered by the Plaintiff, namely a group of "citizens" who are "united" for a particular purpose.

26. As the alleged mark is merely descriptive of the Plaintiff and the goods and services offered by Plaintiff, the mark can be afforded no trademark protection absent a showing of secondary meaning or acquired distinctiveness.

27. Plaintiff's mark has not acquired any secondary meaning or distinctiveness.

28. Continued registration of Plaintiff's descriptive and unprotectable mark will prejudice Defendants and the public at large and cause the same irreparable harm.

## COUNT IV
## CANCELLATION OF REGISTRATION NO. 1,809,741
## AS THE MARK IS MERELY DESCRIPTIVE

29. Defendants adopt and incorporate the allegations of Paragraphs 1 through 9 of the Counterclaims as though fully alleged herein.

30. Upon information and belief, Plaintiff owns Federal Trademark Registration No. 1,809,741 for the mark "CITIZENS UNITED and Design" for use in connection with "promoting public awareness of the need for the restoration of the people of the United States as the political sovereign over civil government and dissemination of information relating thereto." See Complaint at Exhibit A.

31. The term "citizens united" merely suggests or describes the basic nature of the type of organization and advocacy offered by the Plaintiff, namely a group of "citizens" who are "united" for a particular purpose.

32. As the alleged mark is merely descriptive of the Plaintiff and the goods and services offered by Plaintiff, the word portion of the mark can be afforded no trademark protection absent a showing of secondary meaning or acquired distinctiveness.

33. Plaintiff's mark has not acquired any secondary meaning or distinctiveness.

11

34. Continued registration of Plaintiff's descriptive and unprotectable mark will prejudice Defendants and the public at large and cause the same irreparable harm.

## COUNT V
## CANCELLATION OF REGISTRATION NO. 1,877,094
## AS THE SAME WAS FRAUDULENTLY OBTAINED AND MAINTAINED

35. Defendants adopt and incorporate the allegations of Paragraphs 1 through 9 of the Counterclaims as though fully alleged herein.

36. Upon information and belief, Plaintiff owns Federal Trademark Registration No. 1,877,094 for the mark "CITIZENS UNITED" for use in connection with "promoting public awareness of the need for the restoration of the people of the United States as the political sovereign over civil government and dissemination of information relating thereto." See Complaint at Exhibit B.

37. On information and belief, in conjunction with its trademark application for the above Registration, Plaintiff was required to declare that:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the form or any resulting registration, declares that he/she is properly authorized to execute this form on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the form is being filed under 15 U.S.C. §1126(d) or (e), he/she believes applicant to be entitled to use such mark in commerce; **to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive**; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

38. The "CITIZENS UNITED" mark having been used by a multitude of others prior to Plaintiff's alleged use thereof, Plaintiff was not the only "person, firm, corporation, or association [which had] the right to use the mark in commerce" at the time that Plaintiff or its agent signed the above declaration.

12

39. On information and belief, Plaintiff was aware that it was not the only "person, firm, corporation, or association [which had] the right to use the mark in commerce" at the time that Plaintiff or its agent signed the above declaration.

40. On information and belief, the Patent and Trademark Office ("PTO") relied on the above signed declaration in granting Plaintiff substantive rights and benefits in the form of Trademark Registration No. 1,877,094.

41. Such false declaration made by Plaintiff or its agent was material in the PTO's conference of the benefit of trademark registration onto Plaintiff.

42. The making of such false declaration upon which the PTO relied in conferring a benefit to Plaintiff constitutes trademark fraud.

43. For the same reasons, Plaintiff's §§8 and 15 Affidavits filed in connection with the Registration are false and thereby fraudulent as the PTO has materially relied on the same in conferring additional benefits on the Plaintiff.

44. Continued registration of Plaintiff's fraudulent and unprotectable mark will prejudice Defendants and cause the same irreparable harm.

## COUNT VI
## CANCELLATION OF REGISTRATION NO. 1,809,741
## AS THE SAME WAS FRAUDULENTLY OBTAINED AND MAINTAINED

45. Defendants adopt and incorporate the allegations of Paragraphs 1 through 9 of the Counterclaims as though fully alleged herein.

46. Upon information and belief, Plaintiff owns Federal Trademark Registration No. 1,809,741 for the mark "CITIZENS UNITED and Design" for use in connection with "promoting public awareness of the need for the restoration of the people of the United States as the political sovereign over civil government and dissemination of information relating thereto." See Complaint at Exhibit A.

13

47. On information and belief, in conjunction with its trademark application for the above Registration, Plaintiff was required to declare that:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the form or any resulting registration, declares that he/she is properly authorized to execute this form on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the form is being filed under 15 U.S.C. §1126(d) or (e), he/she believes applicant to be entitled to use such mark in commerce; **to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive**; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

48. At least a substantial portion of the "CITIZENS UNITED and Design" mark having been used by a multitude of others prior to Plaintiff's alleged use thereof, Plaintiff was not the only "person, firm, corporation, or association [which had] the right to use the mark in commerce" at the time that Plaintiff or its agent signed the above declaration.

49. On information and belief, Plaintiff was aware that it was not the only "person, firm, corporation, or association [which had] the right to use the mark in commerce" at the time that Plaintiff or its agent signed the above declaration.

50. On information and belief, the PTO relied on the above signed declaration in granting Plaintiff substantive rights and benefits in the form of Trademark Registration No. 1,809,741.

51. Such false declaration made by Plaintiff or its agent was material in the PTO's conference of the benefit of trademark registration onto Plaintiff.

52. The making of such false declaration upon which the PTO relied in conferring a benefit to Plaintiff constitutes trademark fraud.

53. For the same reasons, Plaintiff's §§8 and 15 Affidavits filed in connection with the Registration are false and thereby fraudulent as the PTO has materially relied on the same in conferring additional benefits on the Plaintiff.

54. Continued registration of Plaintiff's fraudulent and unprotectable mark will prejudice Defendants and cause the same irreparable harm.

WHEREFORE, Defendants respectfully request that:

a. Plaintiff's Complaint be dismissed with prejudice;

b. Plaintiff's Federal Trademark Registration No. 1,877,094 be cancelled;

c. Plaintiff's Federal Trademark Registration No. 1,809,741 be cancelled;

d. Plaintiff be required to pay Defendants' Attorneys' fees and costs associated with defending against Plaintiff's frivolous actions;

e. Plaintiff take no relief from their Complaint, as prayed for or otherwise; and

f. Such other relief as the Court deems just and proper.

## JURY DEMAND

Defendants/Counter-Plaintiffs demand trial by jury on all issues so triable.

April 9th, 2008

        Respectfully,
        DEFENDANTS

By:    ___s/GUSTAVO SARDIÑA_____
        Frank Herrera
        Florida Bar No. 494801
        Email: fherrera@rra-law.com
        Gustavo Sardiña
        Florida Bar No.: 31162
        Email: gsardina@rra-law.com
        ROTHSTEIN ROSENFELDT ADLER
        401 East Las Olas Boulevard, Suite 1650
        Fort Lauderdale, Florida 33301
        Phone: 954-522-3456
        Fax:  954-527-8663

And

Michael D. Becker, Esq.
Florida Bar No. 96910
Email: miamilawman@comcast.net
THE LAW OFFICE OF
MICHAEL D. BECKER, P.A.
1200 Brickell Avenue, Suite 1620
Miami, Florida 33131
Phone: (305) 538-0520
Facsimile: (305) 532-9796

## **CERTIFICATE OF FILING AND SERVICE**

I HEREBY CERTIFY that on April 9, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day upon:

Alexander Anguiera, Esq.
ALEXANDER ANGUIERA, PLLC
7301 SW 57 Court, Suite 515
Miami, Florida 33143
alex@anguieralaw.com

Wyatt B. Durrette, Jr., Esq.
Christine A. Williams, Esq.
DURRETTE BRADSHAW, PLC
600 East Mail Street, 20th Floor
Richmond, Virginia 23219
wdurrette@durrettebradshaw.com

Charles Allen, Esq.
GOODMAN ALLEN & FILETTI, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virgina 23060
callen@goodmanallen.com

James Creekmore, Esq.
THE CREEKMORE LAW FIRM, PC
52 Pondview Court
Daleville, Virginia 24083
james@creekmorelaw.com

either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   ___s/GUSTAVO SARDIÑA_____
Frank Herrera
Gustavo Sardiña

16